# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| STEVEN WILLIAM FERRELL, SR., *Plaintiff,* | CASE NO. 6:12-cv-00048 |
| v. | MEMORANDUM OPINION |
| BABCOCK & WILCOX CO., ET AL., *Defendants.* | JUDGE NORMAN K. MOON |

Plaintiff Steven William Ferrell, Sr. ("Plaintiff") brought this action for age discrimination and retaliation against The Babcock & Wilcox Company ("B&W") and six of its employees—E. James Ferland, Payton S. Baker, Barry Cantor,[1] Michael Paul, Brian Quick, and Nathaniel X. Marshall. The six B&W employees (the "Individual Defendants") have filed a motion to dismiss Plaintiff's complaint for failure to state a claim. For the following reasons, I will grant the Individual Defendants' motion.

## I. BACKGROUND

Plaintiff is a former B&W employee who worked at a facility located in Lynchburg, Virginia. Plaintiff alleges that on multiple occasions in 2010, he was treated less favorably than younger employees with respect to his work schedule and vacation time. According to Plaintiff, he took his complaints about the alleged age discrimination "up the chain of command," and subsequently suffered various forms of retaliation by his supervisor. On March 8, 2011, B&W laid off Plaintiff, who was 57 years old at the time. Following his layoff, Plaintiff filed a Charge

---

[1] Mr. Cantor was incorrectly identified as Barry Candor in Plaintiff's Complaint.

of Discrimination with the Equal Employment Opportunity Commission office in Richmond, Virginia, and the EEOC issued a right-to-sue letter on June 20, 2012. Plaintiff filed this action on September 20, 2012, alleging age discrimination, retaliation, and a hostile work environment.[2]

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). In sum, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

---

[2] Although the substance of Plaintiff's Complaint appears to relate solely to age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), Plaintiff also states in his Complaint that he brings the action pursuant to Title VII of the Civil Rights Act of 1964.

- 2 -

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

The Individual Defendants argue that they are not proper defendants under either the ADEA or Title VII, and that any claims against them should therefore be dismissed. Indeed, "it is well established that employees, including supervisors, are not liable in their individual capacities under Title VII." *Deal v. Volvo Trucks North America, Inc.*, No. 7:08-CV-00575, 2009 WL 1346886, at *1 (W.D. Va. May 12, 2009) (citing *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998)). Nor are individual supervisors liable for ADEA violations that relate to "personnel decisions of a plainly delegable character." *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994); *see also McNeal v. Montgomery County, Md.*, 307 F. App'x 766, 775 n.6 (4th Cir. 2009) (argued but unpublished) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA"). Since the Individual Defendants do not qualify as "employers" under either the ADEA or Title VII, I will dismiss Plaintiff's claims against them.

### IV. CONCLUSION

For the foregoing reasons, I will grant Defendants' motion to dismiss claims against the Individual Defendants. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Plaintiff and all counsel of record.

Entered this ___13th___ day of February, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE